**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

ANDREW MILLER,

      Plaintiff,

v.

                                      CIVIL ACTION NO. 5:26-cv-00077

DETECTIVE CPL. MICHAEL P. DEEMS, and
P.F.C. PATROLMAN SWEESTER, and
DETECTIVE SARGENT MORGAN BRAGG, and
DETECTIVE JOSEPH STEWART, and
PATROLMAN ADAM JUSTICE,

      Defendants.

## ORDER

Pending are Plaintiff Andrew Miller's Applications to Proceed Without Prepayment of Fees or Costs [Docs. 1-2] and Complaint [Doc. 3], seeking relief for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983, all filed February 2, 2026. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on February 4, 2026. Magistrate Judge Aboulhosn recommended that the Court deny Mr. Millers' Applications to Proceed Without Prepayment of Fees or Costs pursuant to the three-strike provision of 28 U.S.C. § 1915(g), dismiss Mr. Millers' Complaint, and remove this matter from the docket.

After entry of Magistrate Judge Aboulhosn's PF&R, Mr. Miller filed two additional Applications to Proceed Without Prepayment of Fees or Costs [Docs. 8, 9] and an Amended Complaint [Doc. 10] as of right. Inasmuch as the purported Amended Complaint is merely another

copy of Mr. Miller's original Complaint, it does not alter the analysis or recommendation contained in Magistrate Judge Aboulhosn's PF&R.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on February 23, 2026. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 7**], **DENIES** Mr. Miller's Applications to Proceed Without Prepayment of Fees or Costs pursuant to the three-strike provision of 28 U.S.C. § 1915(g) [**Docs. 1, 2, 8, 9**], **DISMISSES** Mr. Miller's Complaints [**Docs. 3, 10**] and **REMOVES** this matter from the docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: May 5, 2026

Frank W. Volk
Chief United States District Judge

3